375 So.2d 1315 (1979)
Stephen Edward CLAUSEN
v.
Mary Louisa CLAUSEN.
No. 64492.
Supreme Court of Louisiana.
October 8, 1979.
Rehearings Denied November 1, 1979.
*1316 H. F. Sockrider, Jr., Sockrider & Bolin, Shreveport, for plaintiff-applicant.
Kenneth Rigby, Love, Rigby, Dehan, Love & McDaniel, Shreveport, for defendant-respondent.
CALOGERO, Justice.
Plaintiff Stephen E. Clausen seeks post divorce alimony from his former wife, Mary Louisa Clausen. His request for alimony was denied by the district court which determined that Civil Code Article 160 (before its amendment by Act 72 of 1979) provided alimony for husbands, but that the plaintiff, while earning no money at that time, was able to work and provide his own means of support. In making that determination, the trial court acknowledged that the inquiry into plaintiff's ability to work was contrary to the rationale of our decision in Ward v. Ward, 339 So.2d 839 (La. 1976) which held that earning capacity of a wife was not a proper basis for rejecting her claim for alimony.
The Court of Appeal affirmed the denial of his claim. That court, however, based its decision on this Court's opinion in Loyacano v. Loyacano, 345 So.2d 57 (La.1979) which held that under Louisiana law husbands are not entitled to post divorce alimony. After the rendition of the Court of Appeal judgment and before the plaintiff in this case applied for writs in this Court, the United States Supreme Court granted writs in the Loyacano case, styled Loyacano v. LeBlanc, 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 (1979), vacated our judgment, and remanded for our further consideration in light of its decision of March 5, 1979 in Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). In Orr the Supreme Court held the Alabama alimony scheme, under which husbands but not wives may be required to pay alimony, unconstitutional as a violation of the Equal Protection Clause of the Fourteenth Amendment.
We granted writs in this case and scheduled it to be argued at the same time as Loyacano on remand from the Supreme Court because the result in this case could possibly be affected by the ultimate decision in Loyacano, and because of the unsettled nature of the law relating to Article 160.
In Loyacano v. Loyacano, supra, in which a husband attempted to avoid paying post divorce alimony to his former wife by arguing the unconstitutionality of Article 160,[1] *1317 we held in a much divided and perhaps inconclusive opinion that Article 160 was not unconstitutional.[2] Three members of the Court, including the then Chief Justice who authored the opinion on rehearing, were of the view that Article 160 of the Civil Code afforded post divorce alimony to wives only, but that Article 160 was nonetheless constitutional. Three of the concurring justices were of the view that our post divorce alimony scheme was not unconstitutional but only because they adhered to their view on original hearing that with appropriate code and statutory construction (through Louisiana Civil Code Article 21), husbands like wives were entitled to post divorce alimony under our law. The seventh justice and author herein dissented, being of the view that Article 160 of the Civil Code afforded alimony to wives only, not husbands, and that the statute was therefore unconstitutional.
After the United States Supreme Court remanded Loyacano for our further consideration, we again heard arguments in the case and have this day rendered an opinion in which we find it unnecessary to reconsider the constitutionality of Article 160. The issue in that case became moot when Mr. Loyacano acquiesced in the judgment of this Court on rehearing which had reinstated the judgment of the district court awarding Mrs. Loyacano $300 per month post divorce alimony. See Loyacano v. Loyacano, 375 So.2d 1314 (La.1979).
The instant case, in which a husband seeks post divorce alimony from his former wife, is complicated by the fact that by Act 72 of 1979, effective June 29, 1979, Article 160 was amended to provide alimony on a gender-neutral basis and to place the alimony obligation on the spouse able to pay.[3] As a consequence of this amendment, relator's claim for alimony must be considered in two time frames: from April, 1978 through June 28, 1979 under the pre-1979 amended statute and from June 29, 1979 forward under Article 160 as amended.
In our opinion in Loyacano on rehearing, four members of this Court, including this author who dissented in that case, agreed that under Article 160 husbands simply were not entitled to alimony. See former Chief Justice Sanders' principal opinion on rehearing, the concurrences of Justices Marcus and Summers, and this author's dissent. This Court is still of the view that Louisiana law prior to the effective date of the amendment of Article 160 did not provide for post divorce alimony for husbands. Therefore relator's demand for alimony prior *1318 to June 29, 1979 must be denied.[4] The Court of Appeal opinion in that regard was correct.
With respect to the period after the effective date of the amendment of Article 160, relator's entitlement to alimony is governed by the 1979 statute which the trial court has not yet had an opportunity to apply. We therefore vacate the judgments of the lower courts and remand the case to the district court to determine relator's entitlement to alimony under Article 160 as amended.

Decree
The judgments of the district court and the Court of Appeal are therefore vacated and the case remanded to the district court for further proceedings not inconsistent with this opinion.
JUDGMENTS VACATED; REMANDED TO THE DISTRICT COURT.
TATE, J., concurs in part and dissents in part and assigns reasons.
DENNIS, J., dissents in part and concurs in part with reasons.
DIXON, J., dissents with reasons.
TATE, Justice (concurring in part, dissenting in part).
I concur in the majority decision insofar as it remands this case for the determination of whether the husband is entitled to alimony following the effective date of the 1979 amendment to Article 160 of our Civil Code.
I dissent, insofar as the majority holds that a necessitous husband was not, as a matter of law, entitled to alimony prior to the 1979 legislation. I adhere to the views expressed in the original majority opinion in Loyacano v. Loyacano, 358 So.2d 304 (La.1978). A plurality of this court there held that, even though Article 160 was silent as to the husband's right to alimony, the courts were authorized by Article 21 to recognize this right despite the legislative silence as to it, as demanded by equity and our state constitution's requirement that there be no unreasonable discrimination based solely on sex.
DENNIS, Justice, dissenting in part and concurring in part.
I concur in remanding this case for a determination of alimony following the effective date of La.C.C. art. 160 as amended in 1979.
I respectfully dissent from the majority's holding that the legislature intended by La. C.C. art. 160, before its 1979 amendment, to practice gender based discrimination. The law was silent as to a husband's right to alimony from his former spouse. I adhere to the view expressed in the original majority opinion in Loyacano v. Loyacano, 358 So.2d 304 (La.1978) wherein we concluded: "* * * Consequently, when we attribute to Article 160 the meaning that a present day legislator would have attributed to it, we must assume that he would have taken cognizance of the increasing and expanding nature of women's activities and responsibilities, as well as our constitution's prohibition of arbitrary or unreasonable gender based legal classifications, and that he would not have intended by the legislation to discriminate against husbands who have not sufficient means for their maintenance by declaring them ineligible for alimony after a divorce.
"Accordingly, the question of alimony for a husband after divorce is a civil matter upon which there is no express or implied law, and we are bound to proceed and decide according to equity. La.C.C. art. 21. Our appeal to natural law and reason informs us that the general policy considerations which induced the legislature to authorize alimony allowances for wives after divorce would also be served *1319 by granting such support to either spouse when the circumstances provided by Article 160 prevail. Equity and our constitution demand that the husband be awarded alimony under the same circumstances in which it can be claimed by the wife. For these reasons, we conclude that a Louisiana court may allow alimony to a husband after divorce, under the same circumstances in which it can be claimed by the wife, and that the contention of the defendant-respondent that Civil Code Article 160 denies equal protection of the law is without merit." [footnote omitted]
In my opinion these views were more in harmony with the Declaration of Rights of our state constitution and our duties as civilian jurists to decide according to equity when the positive law is silent.
DIXON, Justice (dissenting).
I respectfully dissent.
We should hold that the husband has a right to seek alimony, but that the record shows he is not entitled to it.
NOTES
[1] Before its amendment by Act 72 of 1979, Article 160 provided alimony for wives only:

"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
[2] Only two justices signed the main opinion; three concurred; one concurred in part and dissented in part; and one dissented.
[3] Act 72 of 1979 amended Article 160 of the Louisiana Civil Code to provide as follows:

"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capacity, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries."
[4] We find it unnecessary to decide the question of the constitutionality of Article 160 in this case for even if we were to find that article unconstitutional, such a holding would be of no benefit to relator. Striking Louisiana's provisions affording wives the right to alimony would not thereby create a corollary right for husbands.