MARVIN, Judge.
We granted writs in this case to consider the husband’s contention that in light of a recent U.S. Supreme Court decision in Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), Civil Code Article 160, the basis of his wife’s claim for permanent alimony, is unconstitutional. Since the issue has now become moot, the writs are recalled.
In July 1977, the wife obtained a judgment of separation from her husband which included an award in her favor of $1,250 per month alimony pendente lite. On April 27, 1979, the husband obtained a final divorce on the grounds that the parties had lived separate and apart without reconciliation for over one year after judgment of separation. Although this judgment of divorce was silent as to the wife’s rights to permanent alimony, she filed a separate rule to obtain alimony on May 11, 1979. In response to this rule, the husband filed an exception of no cause of action based on his allegation that Civil Code Article 160 was unconstitutional.
The trial court overruled this exception on May 29 and the husband immediately applied to this court for supervisory writs. Writs were granted on May 30,1979, and an order staying the proceedings as to permanent alimony was issued. On May 31, 1979, the wife was granted a suspensive appeal of the April 27 divorce judgment.
At the outset we note that Civil Code Article 160 has recently been amended by Act 72 of 1979 to provide that both the wife and the husband may obtain alimony after divorce. The effective date of this act was June 29, 1979. Furthermore, in Clausen v. Clausen, 375 So.2d 1315 (La.1979), a case decided by our Supreme Court after writs were granted in this case, the court held a husband’s entitlement to permanent alimony for any period after the effective date of Act 72 would be governed by that Act.
Since a suspensive appeal from the April 27 divorce judgment was obtained by the wife, that judgment did not become final and perpetuated her entitlement to receive alimony pendente lite beyond the effective date of the amended statute. Consequently, the wife’s entitlement to permanent alimony will be at issue only for periods governed by the new Act. We therefore find it unnecessary to determine whether Civil Code Article 160, as it existed prior to amendment, was unconstitutional as a violation of the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.
The writs of certiorari, prohibition, and mandamus issued May 30, 1979, are recalled, and the order staying the proceedings below is vacated.