378 So.2d 418 (1979)
Mary Lee LOVELL
v.
Arthur Gordon LOVELL.
No. 65455.
Supreme Court of Louisiana.
December 13, 1979.
*419 Vincent Hazelton, Alexandria, for plaintiff-appellant.
Richard E. Chaudoir, Alexandria, for defendant-appellee.
MARCUS, Justice.[*]
Mary Lee Lovell sought alimony after divorce from her former husband under La. Civ.Code art. 160.[1] On October 28, 1975, judgment was rendered in favor of Mrs. Lovell and against Mr. Lovell condemning him to pay alimony in the sum of five hundred dollars per month. Subsequently, Mrs. Lovell filed a rule to show cause why Mr. Lovell should not be held in contempt of court for his failure to pay any alimony under the aforesaid judgment and why judgment should not be rendered against him for the amount of past due alimony. On October 26, 1977, judgment was rendered, based on a joint stipulation of the parties, purging Mr. Lovell of the contempt charge and reducing the amount of monthly alimony payments from five hundred dollars to three hundred and fifty dollars.
On March 6, 1979, Mrs. Lovell filed a rule to increase alimony on the grounds that three hundred and fifty dollars per month was insufficient to meet her monthly expenses and that her former husband's income had substantially increased since the previous judgment. Mr. Lovell filed a written response in which he generally denied the allegations set forth in the contradictory motion and affirmatively sought by a rule to show cause directed to Mrs. Lovell why alimony should not be terminated on the ground that La.Civ.Code art. 160 constituted a denial of equal protection of the law as guaranteed by the fourteenth amendment of the federal constitution; alternatively, he sought a reduction of the previous alimony award. In answer to the claim for termination of alimony based on the unconstitutionality of art. 160, Mrs. Lovell relied upon this court's decision in Loyacano v. Loyacano, 358 So.2d 304 (La.1978), in which we upheld the constitutionality of art. 160; she denied Mr. Lovell's alternative claim for a reduction of alimony.
After a hearing on the rules, the trial judge concluded that La.Civ.Code art. 160 was "an unconstitutional denial of equal protection" under the state and federal constitutions in view of the decision of the United States Supreme Court in Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), in which it was held that the Alabama *420 statutes imposing alimony obligations only on husbands after divorce and not on wives violated the equal protection clause of the fourteenth amendment. Accordingly, judgment was rendered on June 1, 1979, and signed on July 2, 1979, terminating alimony payments to Mary Lee Lovell effective after the payment on June 1, 1979. Mrs. Lovell appealed directly to this court.[2]
We considered the constitutionality of art. 160 in Loyacano v. Loyacano, supra, and on rehearing concluded that this statute did not deny equal protection of the law to husbands even though it allowed alimony to needy wives, who had not been at fault, after divorce but not to husbands similarly situated. Certiorari was granted by the United States Supreme Court; our decision was vacated and remanded to this court for reconsideration in light of Orr v. Orr, supra. Loyacano v. LeBlanc, 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 (1979). On remand, counsel for Dr. Loyacano orally represented that his client acquiesced in the rehearing opinion of this court; thus, the issue of the constitutionality of art. 160 was not presented for our decision. Loyacano v. Loyacano, 375 So.2d 1314 (La.1979). We are now confronted with that question and must decide whether art. 160, as written prior to its amendment by La.Acts 1979, No. 72, violates the equal protection clauses of the state and federal constitutions.
La.Const. art. 1, § 3 provides that "[n]o person shall be denied the equal protection of the laws. . ." This section was intended only as a restatement of the federal equal protection guarantee as stated in section 1 of the fourteenth amendment of the federal constitution which provides that "[n]o State shall deny to any person within its jurisdiction the equal protection of the laws."[3] By placing alimony obligations on husbands after divorce, but not on wives, art. 160, prior to its amendment by Act 72 of 1979 to a gender-neutral classification, provided that different treatment be accorded on the basis of sex; it thus established a classification subject to scrutiny under the equal protection clause. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). To withstand scrutiny under the equal protection clause, a classification by a gender must serve important governmental objectives and must be substantially related to the achievement of those objectives. Califano v. Webster, 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977).
In Orr v. Orr, supra, the Supreme Court considered an equal protection challenge to the Alabama statutory scheme which imposed alimony obligations on husbands after divorce but not on wives similarly situated. The legislative objectives arguably served by such a gender-based classification are (1) a preference for an allocation of family responsibilities under which the wife plays a dependent role; (2) the assistance of needy spouses, using sex as a proxy for need; and (3) compensation to women for past discrimination during marriage. The Court immediately rejected objective (1) as a proper basis for the statute to survive the constitutional attack, finding that no longer is the female destined solely for the home and the rearing of the family, and only the male for the marketplace and the world of ideas. While conceding that (2) and (3) are legitimate and important governmental objectives, the Court rejected the contention that the classification at issue was substantially related to the achievement of those objectives. Accordingly, the Court found Alabama's alimony statutes unconstitutional.
La.Civ.Code art. 160, prior to its amendment by Act 72 of 1979, was similar in all relevant respects to Alabama's alimony statutes found to be unconstitutional in Orr v. Orr.[4] Accordingly, we are compelled *421 to declare La.Civ.Code art. 160 unconstitutional as violative of the equal protection clauses of the state and federal constitutions and to overrule Loyacano v. Loyacano, 358 So.2d 304 (La.1978). See also State v. Fuller, 377 So.2d 335 (La.1979), in which we declared La.R.S. 14:74(A)(1), criminal neglect of wife statute, unconstitutional as violative of the equal protection clause of the fourteenth amendment based on the rationale of Orr v. Orr.
As previously noted, La.Civ.Code art. 160 was amended by La.Acts 1979, No. 72, effective June 29, 1979.[5] The amended article provides that "[w]hen a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony. ..." The amendment makes art. 160 gender-neutral, thereby removing the previous constitutional infirmity. Hence, all judgments ordering the payment of alimony rendered since June 29, 1979, are not affected by this decision.
However, in view of our declaring art. 160 unconstitutional, as written prior to the aforesaid amendment, we are concerned about the effect our decision will have on judgments awarding alimony prior to the effective date of the amendment.
In determining whether or not our decision should be given retroactive effect, three factors should be considered: (1) the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective application will further *422 or retard its operation; and (3) the inequity imposed by retroactive application must be weighed. Chevron Oil Company v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).
Upon consideration of each of these factors, we conclude that our decision should not be applied retroactively. Our decision establishes a new principle of law by overruling clear past precedent on which litigants have relied. Innumerable divorced persons, both those paying and receiving alimony, have relied on the constitutionality of art. 160. Loyacano v. Loyacano, upholding the constitutionality of this statute, was decided by this court as recently as last year. Moreover, retrospective application would undermine the objectives of art. 160. Finally, substantial inequity would result if prior judgments awarding alimony were declared invalid. It might well require new litigation in each case under the amended article in order to afford continued alimony payments. Also, it would subject divorced wives to suits by their former husbands seeking repayment of alimony paid by husbands under art. 160 prior to its amendment. Where a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the "injustice or hardship" by a holding of nonretroactivity. Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969).
In sum, we hold La.Civ.Code art. 160, as written prior to its amendment by Act 72 of 1979, unconstitutional. However, we declare that this decision shall not be retroactive. Hence, all judgments awarding alimony prior to the effective date of the amendment (June 29, 1979) remain unaffected by this decision.

DECREE
For the reasons assigned, the judgment of the district court is reversed and the previous judgment of said court awarding the wife three hundred and fifty dollars per month alimony is reinstated and made the judgment of this court; the case is remanded to the district court for further proceedings consistent with the views herein expressed.
DENNIS, J., concurs in the decision and assigns reasons.
DENNIS, Justice, concurring.
I respectfully concur in the decree.
Article 160 of the Louisiana Civil Code is not unconstitutional, because it is silent as to alimony for husbands after divorce and cannot be presumed to manifest a legislative intention to practice gender-based discrimination. By proceeding and deciding according to equity, see La.C.C. art. 21, civilian tradition, and state constitutional law, this Court should hold that a husband must be awarded alimony under the same circumstances in which it can be claimed by the wife. See Clausen v. Clausen, 375 So.2d 1315 (La.1979) (concurring and dissenting opinion); Loyacano v. Loyacano, 358 So.2d 304 (La.1978) (original hearing).
Furthermore, if the Court persists in its refusal to proceed and decide according to equity when the law is silent upon a civil matter, contrary to what a court is "bound to" do by Article 21 of the Civil Code, there is a way simpler than the "prospective only" holding of the majority to avoid upsetting past alimony decrees. The United States Supreme Court in Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979) stated:
"In every equal protection attack upon a statute challenged as underinclusive, the state may satisfy the Constitution's commands either by extending benefits to the previously disfavored class or by denying benefits to both parties. ..." 99 S.Ct. at 1108.
Other state supreme courts have chosen the latter option, after a state statute has been found constitutionally underinclusive, by extending alimony benefits to husbands, the previously disfavored class. Orr v. Orr, 374 So.2d 895 (Ala.1979); Beat v. Beal, 388 A.2d 72 (Me.1978). Because the Louisiana legislative purpose has always been to have some form of alimony scheme in effect, this approach is open to this Court and preferable *423 to the majority's disposition. See Hargrave, Work of the Appellate Courts 1977-78, 39 La.L.Rev. 805, 811 (1979).
NOTES
[*] Honorable Jesse N. Stone, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of Tate, J.
[1] When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:

1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.
[2] La.Const. art. 5, § 5(D) (1974).
[3] See Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L. Rev. 1, 6-10 (1974); Jenkins, The Declaration of Rights. 21 Loy. (N.O.) L.Rev. 9, 16-19 (1975).
[4] The statutes, Ala.Code, Tit. 30, provide that:

§ 30-2-51. If the wife has no separate estate or if it be insufficient for her maintenance, the judge, upon granting a divorce, at his discretion, may order to the wife an allowance out of the estate of the husband, taking into consideration the value thereof and the condition[s] of his family.
§ 30-2-52. If the divorce is in favor of the wife for the misconduct of the husband, the judge trying the case shall have the right to make an allowance to the wife out of the husband's estate, or not make her an allowance as the circumstances of the case may justify, and if an allowance is made, it must be as liberal as the estate of the husband will permit, regard being had to the condition of his family and to all the circumstances of the case.
§ 30-2-53. If the divorce is in favor of the husband for the misconduct of the wife and if the judge in his discretion deems the wife entitled to an allowance, the allowance must be regulated by the ability of the husband and the nature of the misconduct of the wife.
[5] Section 1. Articles . . . 160 of the Civil Code are hereby amended and reenacted to read as follows:

. . . . . .
When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries.
Section 2. This Act shall become effective upon signature by the governor, or, if not signed by him, upon expiration of the time for bills to become law without his signature, as provided by Article III, Section 18, of the Constitution.
Section 3. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items or applications of this Act which can be given effect without the invalid provisions, items or applications, and to this end the provisions of this Act are hereby declared severable.
Section 4. All laws or parts of laws in conflict herewith are hereby repealed.
Approved June 29, 1979.