SARTAIN, Judge.
Retha M. Stafford appeals from the summary disposition on the grounds of prescription of her appeal to the State Civil Service Commission (Commission). For reasons hereinafter stated, we reverse and remand.
This cause arises out of a previous dispute between the Division of Administration (Division) and the Department of State Civil Service relative to whether the rank and file employees of the former are in the “classified service of the state.” The facts are not in dispute.
Mrs. Stafford originally obtained a'probational appointment in March of 1975 to the Department of State Civil Service, Division of Family Services, as a Dictating Machine Operator I. In June of 1975, she voluntarily left Family Services to accept a probational appointment with the Division in its purchasing department as a Typist Clerk III in the Pineville, Louisiana office. In that capacity she received salary increases on three subsequent occasions.
In February (14) of 1977, this court rendered its decision in In Re Division of Administration, 343 So.2d 277, wherein it was held that the Division of Administration is part of the “Office of the Governor” and its *130 employees were not in the classified service of the state or within the jurisdiction of the Department of Civil Service and the Commission. On May 11, 1977, the Supreme Court of this state denied writs. Investigation of Possible Violation of the Civil Service Law et al., 345 So.2d 504 (La.1977). In obedience to these decisions, the Commission adopted pertinent resolutions to the effect that members of the Division were not in the classified service of the State and would not be subject to or eligible for adjudication under the rules and regulations of the Department. By letter dated June 14, 1977, the director of the State Department of Civil Service advised all employees of the Division of Administration of the aforementioned resolutions.
On September 15, 1977, Mrs. Stafford was advised that the Pineville office would be closed and her job with the Division would be terminated as of September 30, 1977. She was not offered other employment within that unit.
Through her own efforts, Mrs. Stafford obtained a classified position with the Department of Health and Human Resources as a Dictating Machine Operator II at the State Hospital in Pineville, Louisiana. The effective date of this employment was April 18, 1978.
On September 5,1978, the Supreme Court of this state rendered its opinion in Smith v. Division of Administration, 362 So.2d 1101 (La.1978), rehearing denied October 5, 1978, which overruled In Re Division of Administration, above, and declared in part that with the exception of its appointed head and those persons declared unclassified by Civil Service Law, all employees of the Division of Administration were classified employees of the State of Louisiana.
Following an exchange of correspondence between herself and the office of the Director of Civil Service, Mrs. Stafford filed an appeal with the Commission on October 13, 1978, complaining of her dismissal from the Division in September of 1977, without the offer of a transfer to another department of the State and her reemployment in April of 1978 to a lower grade position.
At the hearing conducted by the Commission, the Division filed a motion for summary disposition of Mrs. Stafford’s appeal on the grounds that by virtue of her unclassified position with it in 1977, she had no legal right to appeal and that the Commission was without jurisdiction in the premises.
The Commission in its written reasons for judgment noted in part the pertinent facts recited above, including the aforementioned decisions, and rejected the Division of Administration’s motion concluding that by virtue of the language in Smith v. Division of Administration, above, the employees of the Division have at all times since 1948 remained in the classified service of the State. However, the Commission noted, ex proprio motu, that Mrs. Stafford had lost her right of appeal by the lapse of twelve months under its Rule 13.12(c). In doing so, we hold that the Commission erred as a matter of law.
Our courts have long recognized that in certain limited situations designated prescriptive periods are suspended where, from the facts presented, one could not bring his suit to redress wrong within the designated period. The impediment usually has resulted from the deliberate and willful deceptive conduct on the part of the offender. Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970); City of Shreveport v. Thomas, 353 So.2d 1076 (La.App. 2nd Cir. 1977); Brown v. State, Through Department of Correction, 354 So.2d 633 (La.App. 1st Cir. 1977).
In the instant cause there was, of course, no willful or deceitful conduct on the part of any of the parties. To the contrary, the Commission in the proper conduct of its affairs contested quite strenuously the position taken by the Division of Administration in the first suit. Having failed to prevail, it notified all of the employees of the Division of Administration that they were no longer considered “classified” and could not avail themselves of any of the benefits provided by the rules and regulations of the Department of Civil Service. This was indeed the prevailing law at the *131 time of Mrs. Stafford’s discharge in September of 1977. While her plight was not the result of any willful conduct or deception on the part of anyone, any cause of action that she might have sought to assert was nonetheless effectively denied her. Within days of the finality of the decision in Smith v. Division of Administration, above, she filed the instant appeal with the Commission.
Under the above facts we hold that the prescriptive period of one year under the Commission’s Rule 13.12(c) did not commence to run against Mrs. Stafford until October 5, 1978, the effective date of Smith v. Division of Administration, above.
For these reasons, the decision of the Civil Service Commission is reversed and set aside and this matter is remanded for further proceedings.
REVERSED AND REMANDED.