GUIDRY, Judge.
Appellant, Joseph G. Thibodeaux, appeals from a judgment which condemned him to pay alimony arrearages in the amount of $1000.00 and $200.00 in attorney’s fees.
The award of alimony pendente lite of $100.00 monthly in favor of appellee is contained in a judgment dated May 5, 1978. Appellant has never paid any sum to appel-lee pursuant to this judgment. At the time the rule for judgment for past due alimony *126 was tried appellant was fifteen months in arrears. However, the trial court granted judgment for $1000.00 (10 months) concluding that the decision of the United States Supreme Court in Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979) terminated the accrual of alimony pendente lite under LSA-C.C. Article 148 [1] from and after the effective date of such decision.[2] Alimony pendente lite which had accrued pri- or to the effective date of Orr decision was held to be validly due, the trial court concluding that the Orr decision should not be applied retroactively.
Defendant in Rule-Appellant appealed. Appellee has neither appealed nor answered the appeal of Joseph G. Thibodeaux. Therefore, the sole issue before us on this appeal may be stated as follows: Assuming that pre-amendment Article 148 alimony is unconstitutional based on the rationale of the Orr decision, is alimony pendente lite awarded and accrued prior to the Orr decision uncollectible?
The appellant argues that an unconstitutional statute is in reality no law at all. For this reason it is wholly void as the unconstitutionality dates from the time of its enactment, not merely from the date of the decision holding it to be unconstitutional.
We disagree with the defendant’s contentions based on the recent decision of our Supreme Court in Lovell v. Lovell, 378 So.2d 418 (La.1979). In Lovell, the Supreme Court held that LSA-C.C. Article 160 [3] as it existed prior to being made gen *127 der-neutral by Act No. 72 of the 1979 Legislature was unconstitutional, overruling the prior decision of Loyacano v. Loyacano, 358 So.2d 304 (La.1978).
In Lovell v. Lovell, supra, the Court was faced with an issue on retroactivity similar to the one before us. The Court declined to make its decision retroactive to affect judgments prior to the statute’s amendment. Speaking to this issue the Court observed:

“In determining whether or not our decision should be given retroactive effect, three factors should be considered: (1) the decision to be applied non-retroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed. Chevron Oil Company v. Huson, 404 U.S. 97, [92 S.Ct. 349, 30 L.Ed.2d 296] (1971).

Upon consideration of each of these factors, we conclude that our decision should not be applied retroactively. Our decision establishes a new principle of law by overruling clear past precedent on which litigants have relied. Innumerable divorced persons, both those paying and receiving alimony, have relied on the constitutionality of art. 160. Loyacano v. Loyacano, upholding the constitutionality of this statute, was decided by this court as recently as last year. Moreover, retrospective application would undermine the objectives of art. 160. Finally, substantial inequity would result if prior judgments awarding alimony were declared invalid. It might well require new litigation in each case under the amended article in order to afford continued alimony payments. Also, it would subject divorced wives to suits by their former husbands seeking repayment of alimony paid by husbands under art. 160 prior to its amendment. Where a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the ‘injustice or hardship’ by a holding of nonretroactivity.

Cipriano v. City of Houma, 395 U.S. 701, [89 S.Ct. 1897, 23 L.Ed.2d 647] (1969).”

We conclude that the decision in Lovell, supra, is dispositive of the issue presented by this appeal. The instant case clearly presents a situation that dictates non-retro-activity on the basis of avoiding “injustice or hardship.”
We note parenthetically that our brethren of the Second Circuit considered this precise issue in Bruner v. Bruner, 373 So.2d 971 (La.App. 2nd Cir. 1979) and concluded that the Orr decision should only be applied prospectively, stating:

“In Cipriano v. City of Houma, 395 U.S. 701, 706, 89 S.Ct. 1897, 1900-1901, 23 L.Ed.2d 647 (1969) the Supreme Court struck down a statute on equal protection grounds and stated the effect would be prospective:

‘Where a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the “injustice or hardship” by a holding of nonretroactivity. Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364, 366, 53 S.Ct. 145, 148, 77 L.Ed. 360 [85 A.L.R. 254] (1932). See Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940). Cf. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed. 601 (1965).’

We hold Orr v. Orr, supra, should not be applied retroactively. Consequently, alimony which accrued prior to the U.S. Supreme Court’s decision will not be affected and this will minimize the hardship caused to those needy former wives who have made expenditures expecting to accrue past due alimony. . .

The appellant also urges that the trial judge erred in awarding the appellee *128 attorney fees pursuant to R.S. 9:305.[4] The basis for the appellant’s objection is that since the award of alimony should not be sustained, the plaintiff-appellee is no longer the prevailing party. Since we have determined that the judgment for alimony ar-rearages was proper, it follows that the award of attorney fees was also proper as the plaintiff-appellee is the prevailing party.
For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the defendant-appellant.
AFFIRMED.

. Article 148 was amended in the 1979 Legislature for the purpose of making it gender-neutral. The old article stated:
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
The statute as amended by Act No. 72 of 1979 now reads:
“If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.”

. In Orr v. Orr, supra, the U.S. Supreme Court held that an Alabama statute which imposed an alimony obligation only on husbands and not on wives was unconstitutional as violative of the equal protection clause of the fourteenth amendment.

. Article 160 was amended in the 1979 Legislature for the purpose of making it gender-neutral. The old article stated:
“If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has óbtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.
This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage.”
This article as amended by Act No. 72 of 1979 now reads:
“When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the • spouse to whom it has been awarded remarries.”

. R.S. 9:305 states:
“When the court renders judgment in an action to make past due alimony or child support executory, the court may award reasonable attorney fees in favor of the prevailing party.”