407 So.2d 87 (1981)
Retha M. STAFFORD
v.
DIVISION OF ADMINISTRATION.
No. 14284.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
*88 Larry Feldman, Jr., Gold, Little, Simon, Weems & Bruser, Alexandria, for appellant.
Charles E. Grey, Jr., Asst. Atty. Gen., Dept. of Justice, Baton Rouge, for appellee.
John DiGiulio, Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for George Hamner, Director, Dept. of State Civil Service.
*89 Before CHIASSON, EDWARDS and LEAR, JJ.
CHIASSON, Judge.
Plaintiff, Retha M. Stafford, appeals a ruling of the State Civil Service Commission.
The facts of the case are set forth in Stafford v. Division of Administration, 380 So.2d 129 (La.App. 1st Cir. 1979), wherein this court reversed a prior ruling of the Commission that the plaintiff's right to appeal had prescribed under Civil Service Commission Rule 13.12(c), and remanded the case for a decision on the merits.
The facts pertinent to the instant appeal are as follows:
"This cause arises out of a previous dispute between the Division of Administration (Division) and the Department of State Civil Service relative to whether the rank and file employees of the former are in the `classified service of the state.' The facts are not in dispute.
"Mrs. Stafford originally obtained a probational appointment in March of 1975 to the Department of State Civil Service, Division of Family Services, as a Dictating Machine Operator I. In June of 1975, she voluntarily left Family Services to accept a probational appointment with the Division in its purchasing department as a Typist Clerk III in the Pineville, Louisiana, office. In that capacity she received salary increases on three subsequent occasions.
"In February (14) of 1977, this court rendered its decision in In Re Division of Administration, 343 So.2d 277, wherein it was held that the Division of Administration is part of the `Office of the Governor' and its employees were not in the classified service of the state or within the jurisdiction of the Department of Civil Service and the Commission. On May 11, 1977, the Supreme Court of this state denied writs. 345 So.2d 504 (La.1977). In obedience to these decisions, the Commission adopted pertinent resolutions to the effect that members of the Division were not in the classified service of the State and would not be subject to or eligible for adjudication under the rules and regulations of the Department. By letter dated June 14, 1977, the director of the State Department of Civil Service advised all employees of the Division of Administration of the aforementioned resolutions.
"On September 15, 1977, Mrs. Stafford was advised that the Pineville office would be closed and her job with the Division would be terminated as of September 30, 1977. She was not offered other employment within that unit.
"Through her own efforts, Mrs. Stafford obtained a classified position with the Department of Health and Human Resources as a Dictating Machine Operator II at the State Hospital in Pineville, Louisiana. The effective date of this employment was April 18, 1978.
"On September 5, 1978, the Supreme Court of this state rendered its opinion in Smith v. Division of Administration, 362 So.2d 1101 (La.1978), rehearing denied October 5, 1978, which overruled In Re Division of Administration, above, and declared in part that with the exception of its appointed head and those persons declared unclassified by Civil Service Law, all employees of the Division of Administration were classified employees of the State of Louisiana.
"Following an exchange of correspondence between herself and the office of the Director of Civil Service, Mrs. Stafford filed an appeal with the Commission on October 13, 1978, complaining of her dismissal from the Division in September of 1977, without the offer of a transfer to another department of the State and her reemployment in April of 1978 to a lower grade position."
On remand the plaintiff contended that she had retroactively acquired classified status under the holding of Smith v. Division of Administration, 362 So.2d 1101 (La. 1978); that her termination was illegal *90 within the meaning of La.R.S. 49:113,[1] and therefore; that she was entitled to the back pay of a Typist Clerk III with all permissive and mandatory pay increases from the time of her termination until such time as she is offered another position pursuant to the requirements of Civil Service Rule 12.4(d),[2] with no credit to the Division for the salary she earned while employed with the Department of Health and Human Resources as a Dictating Machine Operator II. She further contended that she was entitled to be placed on the list for department preferred reemployment pursuant to Civil Service Rule 12.4(e)[3].
The defendant, Division of Administration, at that time conceded that the plaintiff had retroactively acquired classified status pursuant to the holding of the Smith decision, supra; that she was entitled to something in the way of an award for back pay, and; that she should be entitled to apply for department preferred reemployment rights pursuant to Civil Service Rule 7.21(a). The Division contends, however, that her termination on September 30, 1977, was not illegal within the meaning of La. R.S. 49:113 because it was effected in full compliance with the law as it existed at that time and, therefore, that the Division was entitled to a credit for the salary she earned while employed with the Department of Health and Human Resources. The Division further contends that the plaintiff was not entitled to back pay from the time of her termination until she has been offered another position pursuant to the provisions of Rule 12.4(d) because there was no evidence that another such position was or would be available to the plaintiff, and that she was not entitled to permissive pay increases during such period because such pay increases are purely discretionary.
On the basis of the Smith decision, the Commission found that the plaintiff had retroactively acquired classified status and that her termination on September 30, 1977, could only have been accomplished in compliance with the Civil Service Rules. However, the Commission found that her termination was not illegal within the meaning of La.R.S. 49:113 and that the Division was entitled to a credit for the salary she received subsequent to April 19, 1978, while employed with the Department of Health and Human Resources. Accordingly, pursuant to its authority under Rule 2.9(f), to issue "appropriate orders" in such cases, the Commission ruled that the plaintiff was entitled to be paid the salary she would have earned as a Typist Clerk III for the period from September 30, 1977 to April 19, 1978, and that the one year prescriptive period concerning application for department preferred reemployment rights established in Rule 7.21(a) would be waived for a period of thirty days from the date of its ruling.
In the instant appeal, plaintiff contends that the Commission erred in ruling that she was entitled to some but not all of the rights of a classified employee whose employment is terminated. She contends that the Commission erred in failing to award her full back pay with all permissive and mandatory pay raises and increases from September 30, 1977, until such time as she is *91 offered another position. She further contends that the Commission erred in failing to find that her discharge on September 30, 1977, was illegal within the meaning of La.R.S. 49:113 and in allowing the Division a credit for the salary she earned as a Dictating Machine Operator II after April 19, 1978. Finally, she contends that the thirty day period granted by the Commission to apply for preferred reemployment rights is not a reasonable period of time within which to make such application.
The Division did not appeal nor did it file an answer to plaintiff's appeal. The Director of the Department of State Civil Service was made a party defendant in this suit in accordance with La.R.S. 13:3418 by order of this court, dated February 10, 1981. The Director did not appeal the judgment of the Commission nor did he file an answer to the plaintiff's appeal. The Director argues in brief that the Commission erred in awarding appellant retroactive relief, in light of the recent opinion of the Supreme Court in Carleton v. Division of Administration, 388 So.2d 709 (La.1980) and in light of the jurisprudence concerning retroactivity. The Division and the Director contend that the appellant's termination on September 30, 1977 was not illegal and, if she is entitled to back pay, she is not entitled to such from the time of her termination until such time as she is offered another position and that she is not entitled to permissive pay increases.
With regard to the issue of retroactivity of the Smith decision, the law is to the effect that in determining whether or not a judicial decision should be given retroactive effect, three factors should be considered: (1) the decision to be applied nonretroactively must establish a new principle of law either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective application will further or retard its operation, and; (3) the inequity imposed by retroactive application must be weighed. Lovell v. Lovell, 378 So.2d 418 (La.1979). Further, where a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the "injustice or hardship" by a holding of nonretroactivity. Lovell, supra.
In the instant case, the first standard set in Lovell, supra, is clearly met since the decision of Smith established a new principle of law by overruling the clear past precedent of In Re Division of Administration, 343 So.2d 277 (La.App. 1st Cir. 1977).
As to the second factor of Lovell, supra, we must determine whether or not the retrospective application of Smith would further the purpose and effect of the Civil Service Commission's Rules.
The purpose of the Civil Service Article (Article X, Section 2 of the 1974 Louisiana Constitution), as enunciated by our Supreme Court in the case of Louisiana Civil Service League v. Forbes, 258 La. 390, 246 So.2d 800, 807 (1971), is furthered by adding the employees of the Division of Administration to the classified service. However, prospective application of the Smith decision adequately furthers this purpose.
If state government did not reap the benefits of the experience gained by longstanding service between February 14, 1977 and October 5, 1978, rolling back the calendar will not cure this problem.
If an employee was the victim of political favoritism during this period, a retroactive application of the Smith decision could cure this problem, but not without the devastating effects that will be discussed below. On the other hand, prospective application would cure this problem and would also avoid the inequities. Thus, under the second factor in Lovell, the Smith decision could arguably be considered appropriate for retroactive application.
The third factor in Lovell mandates a discussion of the inequities which would result from the retroactive application of the Smith decision.
*92 Imminent problems would include:
(1) The Division of Administration granted many employees who were placed in the unclassified service pay increases. These increases would not have been authorized had Civil Service Rules been followed. If Smith is applied retroactively, these pay increases will have to be nullified.
(2) Employees who suffered a reduction in pay as a result of the transfer to the classified service will incur even greater financial loss because, if Smith is applied retroactively, their pay will have to be adjusted effective February 14, 1977 (or the date of the initial hiring), instead of early 1979.
(3) If Smith is applied retroactively, the Division of Administration will have to reprocess every personnel action taken between February 14, 1977 and October 5, 1978 in accordance with the appropriate Civil Service Rules. These forms will have to be submitted to Civil Service for appropriate action. The time and money expended would be enormous.
(4) If Smith is to be applied retroactively, Civil Service will have to reprocess all the transition paperwork used to transfer the unclassified position in the Division of Administration to the classified service.
(5) If Smith is applied retroactively, the Commission could launch an investigation to determine if between February 14, 1977 and October 5, 1978, any employee of the Division of Administration engaged in prohibited political activities or violated any Civil Service Rules, notwithstanding the fact that these activities were not prohibited at the time.
(6) If Smith is applied retroactively, the Commission will be required to grant retroactive relief to all employees of the Division of Administration who were adversely affected by personnel actions between February 14, 1977 and October 5, 1978. Each personnel action complained of will have to be reversed for procedural defects and the Division of Administration (i.e. the State Treasury) will bear the financial burden of reinstatement and retroactive back pay. If Smith is given only prospective application, the Commission could still entertain the appeals and could grant appropriate relief.
With these problems in mind, we find that the considerations against the retroactive application of the Smith decision clearly outweigh those in favor of its retroactive application.
For these reasons, we hold the Commission erred in awarding the plaintiff back pay on the basis of its findings that she had retroactively acquired classified status by virtue of the Smith decision and that her termination could only have been effected in compliance with the Civil Service Rules.
As was previously mentioned, however, the defendants have not appealed nor have they answered the instant appeal. If an appellee desires to have a judgment modified, revised, or reversed in part or if he demands damages against the appellant, he must file an answer to the appeal stating the relief demanded. La.C.C.P. art. 2133. Since the defendants failed to answer the appeal, the Commission's award for back pay is final and it must be allowed to stand.
Finally, with respect to the plaintiff's contentions regarding application for department preferred reemployment rights, we find that the plaintiff has not shown that the thirty day extension is an unreasonable period and that the ruling of the Commission in this respect is within its discretion pursuant to Rule 2.9(f).[4]
For the foregoing reasons, the ruling of the Civil Service Commission is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] La.R.S. 49:113 provides:

"Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation."
[2] Civil Service Rule 12.4(d) provides:

"A permanent employee affected by a layoff must be offered another position in the same, equivalent, or lower class by the appointing authority, with a minimum reduction in pay range, if there exists in the governmental unit conducting the layoff such position for which he is qualified which is occupied by a provisional or probationary employee. Such offer shall first be to such a position in the commuting area. If no such position exists in the commuting area, offer must be made to any such positions outside the commuting area."
[3] Civil Service Rule 12.4(e) provides:

"If any permanent employee is separated by a layoff, he may have his name placed on appropriate preferred re-employment lists as provided in Chapter 7 of these Rules."
[4] Civil Service Rule 2.9(f) provides:

"To hear appeals from employees and others who claim their rights under these Rules and the Civil Service Article have been violated and to issue appropriate orders in such cases."