MARVIN, Judge,
dissenting.
I respectfully dissent.
In Smith v. Stephens, cited supra, the supreme court held that an illegitimate child of an intestate parent who died in 1957 may proceed to prove her filiation and may assert in the same action her claim, as an irregular heir, to succession property against the intestate’s legitimate children who were placed in possession in 1959 and against the purchaser who acquired the property from the heirs in 1971.
The court said that the exception to the illegitimate’s suit filed by the defendant purchaser of the property would be treated as an exception of no right of action, which is sometimes used to determine whether a plaintiff has a right to invoke a remedy which the law extends only conditionally. Babineaux v. Pernie-Bailey Drilling Company, 261 La. 1080, 262 So.2d 328 (1972), cited by the supreme court, noted that a plaintiff’s right to claim a particular remedy may sometimes present a question of law which is dispositive of the merits of a plaintiff’s demands. 262 So.2d at p. 335. Considering the exception in the light of Babi-neaux, the supreme court in Smith said:
“[JJudicial economy will best be served by allowing [the illegitimate] to seek recognition as an irregular heir of [the decedent] and claim an interest in the ... succession in a single suit.” 412 So.2d at p. 573.
“[The illegitimate] may introduce evidence of her filiation and, thus, her entitlement as an irregular heir, at a hearing on the exception of no right of action. If she is successful in proving filiation, the grounds for the exception will be removed, and the suit [claiming an interest in the succession property] may proceed.” supra at p. 574.
It is inconceivable to me that the supreme court would later say to the Smith illegitimate after she had proved her filiation that she did not have a cause of action or legal standing to claim, as an irregular heir, an interest in the succession property of her intestate parent, even though that parent died in 1957, 23 years before Brown. The Smith illegitimate’s claim to an interest in succession property, as an irregular heir, as *420 discussed by the supreme court in 1982, could have been based only on Brown and the notoriety that decision has been receiving in this state.
Additionally, I must observe that the Legislature, by limiting the time in which an illegitimate .would be allowed to prove filiation, forecast the retroactive effect of Brown. See CC 209 B and § 4 of Act 549 of 1980 and § 2 of Act 720 of 1981. This is in accord with the general rule that a judgment declaring unconstitutionality is applied retroactively as well as prospectively. Lovell v. Lovell, 378 So.2d 418 (La.1979). Brown’s purpose was to end unlawful discrimination against illegitimates.
It is difficult to reconcile the vestigial effect of Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971), which, on a less than critical examination in 1971, found CC 919 constitutional. Perhaps a more logical and explainable result in these cases would have been to extend Brown only to Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), in 1977, or to the January 1,1975, effective date of the Louisiana Constitution. See Brown, supra, pp. 1153-1154.
Faced with this dilemma, and perhaps with a mis -understanding of Smith v. Stephens, I can only dissent from the majority holding that this illegitimate, whose parent died in 1969, has no legal standing to prove filiation and to claim inheritance rights.