CALOGERO, Justice.
The Department of Civil Service of Louisiana complains of a decision of the First Circuit Court of Appeal which reversed an order of the State Civil Service Commission. Carleton v. Division of Administration, 380 So.2d 628 (La.App. 1st Cir.1979).
The matter involves a salary dispute between plaintiff, an employee of the Division of Administration, and the Division of Administration on the one hand, and the Department of Civil Service, and Civil Service Commission on the other. The broader issue concerns plaintiff’s employment status in point of time, i. e., when did plaintiff become a classified employee of the Division of Administration.
*710 On May 9, 1977, plaintiff Hugh Carleton was employed by the Division of Administration as Director of State Purchasing at an initial salary of $2,500.00 per month. Apparently on the strength of In re Division of Administration, 343 So. 2d 277 (La. App. 1st Cir.1977), writs denied at 345 So.2d 504 (La.1977),[1] Carleton entered the Division of Administration as an unclassified employee rather than as a classified employee; that is, he did not qualify by Civil Service competitive examination and was not paid in accordance with Civil Service guidelines.
Later in Smith v. Division of Administration, 362 So.2d 1101 (La.1978) we held that all employee positions in the Division of Administration (with the exception of the Commissioner of Administration and two assistants) are classified.
The focus of our opinion in Smith, supra, was upon whether the Division of Administration was part of the “office of the Governor” under Article 10, Section 2 of the Louisiana Constitution and thus not subject to Civil Service Commission Rules on employee hiring and salary guidelines. We entered judgment in Smith “declaring employees of the Division of Administration (with the exception of its appointed head, and those occupying the unclassified positions permitted by Civil Service Law) classified employees of the State of Louisiana under Article 10, Section 2(A) of the Louisiana Constitution of 1974.” The context meaning of that language was that all “positions” in the Division of Administration (with the afore-mentioned exceptions) are classified and employees filling those positions must qualify by Civil Service competitive examination and are subject to all other Civil Service Commission regulations, including those relating to pay.
After Smith, id., the Department of Civil Service established a pay range for Director of State Purchasing of $1,666.00 to $2,462.00 per month and required a competitive examination which Carleton passed. He was then notified that his new salary as determined by the Department of Civil Service would be $1,780.00 per month effective March 15, 1979, the second step of the pay range and a reduction in pay of approximately $800.00 per month from his former salary and $700.00 per month less than the top of the pay-range.
Plaintiff, aggrieved by this salary reduction, simultaneously pursued relief before the Civil Service Commission and the district court. The district court sustained an exception of lack of jurisdiction filed by the Department of Civil Service and dismissed Carleton’s suit. On the heels of the district court’s action the Civil Service Commission took up his appeal. Plaintiff presented two contentions to the Civil Service Commission as to why his salary had been improperly set. His first contention was that the Civil Service Director erred in setting his salary under Civil Service Rule 6.28 which relates to “Pay Upon Change from Unclassified Service to Classified Service.”[2] Plaintiff *711 contended that the Director of the Department of Civil Service should have applied Civil Service Rule 6.12(d) which relates to “When a Pay Plan is Established or a Range is Changed.” His second contention was that, notwithstanding which Rule applied, the Director of the Department of Civil Service acted arbitrarily in setting the range for State Purchasing Director and placing plaintiff on the second step of that range. The Civil Service Commission summarily dismissed his appeal on the grounds that the Director of the Department of Civil Service acted in accordance with the administrative authority granted him under Rule 6.28 in setting the pay range for plaintiff’s position and in placing him on the second pay-step for that position. Thus in effect they presupposed the propriety of the Director’s established pay range for the State Purchasing Director and his placing plaintiff on the second step of that range, and did not consider the merits of plaintiff’s second contention.
From this summary dismissal Carleton appealed. The Court of Appeal reversed the ruling of the Civil Service Commission with respect to the summary dismissal of his suit. They held that plaintiff had stated a cause of action in alleging that his salary had been cut through the application of the wrong Civil Service Rule. The Court of Appeal further held that under Smith Carleton was a classified employee from the time that he was first hired in May, 1977, and that after our decision in Smith his pay should have been determined under Civil Service Rule 6.12(d) (“When a Pay Plan is Established or a Range is Changed”) at $2,462.00 per month, the maximum allowable for the position of Director of State Purchasing. The section of Civil Service Rule 6.12 relied upon by the Court of Appeal provides that when a pay range is established or changed, the rate of pay of an employee being paid in excess of the maximum prescribed shall be reduced to the maximum pay for that range.[3]
Defendants contend that Rule 6.12(d) is not applicable in this instance, that the Civil Service Commission correctly applied Rule 6.28 and that the opinion of the Court of Appeal, insofar as it held plaintiff a classified employee from the time of hiring entitled him to all Civil Service protections from that date, is inconsistent with our decision in Smith.
We agree that Rule 6.28 appears more nearly analogous to the situation we confront here than Rule 6.12(d). Rule 6.12(d) is designed to deal with the rare cases (most notably at the incipience or institution of civil service) where an employee is receiving pay in excess of the maximum prescribed for his class just prior to establishment of the pay plan or change in the range. Rule 6.28 regulates the setting of an employee’s salary when the position the employee occupies is changed from unclassified to classified status.[4] Although Carleton was not changed from an unclassified position as is contemplated in the literal language of Rule 6.28, but rather from a classified position which because of peculiar reasons he occupied without having qualified in the normal manner, Carleton’s job qualifications and salary were originally determined *712 in the same manner as those of unclassified employees and Carleton never qualified for the classified service until later when he passed the competitive examination.
Granting plaintiff the maximum salary allowed for the State Purchasing Agent position by applying Civil Service Rule 6.12(d) would encourage the appointment of persons to “unclassified” positions in violation of Civil Service rules at a salary in excess of the maximum allowed by the Civil Service Commission. An employee so appointed would receive the best of both worlds because once the Civil Service Commission ruled that the position was classified the employee upon qualifying would immediately be frozen in at the maximum salary allowed for that pay range without regard to his qualifications, and his classified status would place him beyond the reach of a successor appointing authority. An employee so appointed without Civil Service qualifications could receive on the job training at public expense that would give him an unfair advantage over other applicants when the position was later declared classified. Our decision in Smith did not create a special class of employees composed of those who were appointed to unclassified positions in contravention of the Civil Service System Rules. Our bottom line in Smith was simply that employees’ positions in the Division of Administration are classified and subject to Civil Service Commission jurisdiction just as are positions in other state departments.
For these reasons we conclude that the Court of Appeal erred in holding that pursuant to Civil Service Rule 6.12(d) plaintiffs salary should automatically be fixed at the maximum allowable pay for State Purchasing Director.
However, the record before us is not sufficiently complete to allow us to rule on the merits of plaintiff’s alternative contention that the Department of Civil Service abused its discretion and violated Civil Service Commission rules and regulations in arbitrarily setting the pay range for Director of State Purchasing and in setting plaintiff’s pay at $1,780.00 per month, the second step in the pay range.
When plaintiff complained to the Civil Service Commission and prepared to present evidence to them to support this contention the Civil Service Commission granted the Department of Civil Service’s motion for a summary dismissal and thereby prevented plaintiff from presenting that part of his case. The Court of Appeal then reversed, favorably to defendant, concluding that he was entitled to a higher salary, the maximum in the pay range. The Court of Appeal found no reason to consider plaintiff’s alternative argument that the whole pay range was out of kilter, nor if so, what the proper range should have been and what plaintiff’s proper pay-step should be. Now that we reverse the Court of Appeal and determine that plaintiff’s position, salary, and status are subject to Civil Service Regulation and find that Rule 6.28 is applicable, it becomes necessary that there be addressed this matter of the alleged unreasonable pay range and plaintiff’s appropriate salary. The place to have this done is the Civil Service Commission which has yet to address the issue. Furthermore, both parties requested that in the event we reverse the Court of Appeal we remand the case to the Civil Service Commission for a hearing on these issues. Accordingly, we will remand the case to the Civil Service Commission for a full hearing on these remaining issues.

Decree

For the foregoing reasons the ruling of the Court of Appeal setting plaintiff’s salary at $2,462.00 per month is reversed and set aside and the case is remanded to the Civil Service Commission for a hearing on plaintiff’s contention that the Department of Civil Service erred in setting the pay range for State Purchasing Director and in placing plaintiff on the second pay step for that position.
REVERSED AND REMANDED.

. The first round of this battle between the Division of Administration, the Department of Civil Service, and the Civil Service Commission ended when we denied writs in In re Division of Administration, 343 So.2d 277 (La.App. 1st Cir. 1977), writs den. 345 So.2d 504 (La.1977). The Court of Appeal in that case held that the Division of Administration was part of the “office of the Governor” under the Louisiana Constitution and therefore its employees were unclassified employees not subject to Civil Service Commission Regulations. This Court denied writs but as we later stated in the second case involving this matter, Smith v. Division of Administration, 362 So.2d 1101 (La.1978), citing Day v. Campbell Grosjean Roofing and Sheet Metal Corporation, 260 La. 325, 256 So.2d 105 (La.1971), such denial did not constitute an adjudication in this Court on the merits of the legal issue. See also, Barham, “The Importance of Writ Denial, 21 Loy.L.Rev. 835 (1975).

. Civil Service Rule 6.28 provides:
“Pay Upon Change from Unclassified Service to Classified Service.
When the status of an employee, while he occupies the same position, is changed from the unclassified to the classified State service, the Director, upon request of the appropriate appointing authority, may fix his rate of pay at such step or intermediate step in the range for his class of position for which he would have attained eligibility under the provisions of Rule 6.15 had his status been classified during his unclassified service; provided:
*711 1. The nature and quality of such service is recognized as qualifying under the examination specifications prescribed for the class of position; and
2. The Director may not fix the employee’s rate of pay at a figure in excess of that he was receiving at the time of his change of status, unless his rate of pay while serving with unclassified status did not equal or exceed the minimum rate of the range for his class of position.”

.Civil Service Rule 6.12 provides in pertinent part;
“When a Pay Plan is Established or a Range is Changed:

(d) The rate of pay of an employee who is being paid in excess of the maximum prescribed for his class shall be reduced to such maximum.”

.Rule 6.28 authorizes the Director of the Department of Civil Service to give credit to a newly classified employee for previous similar service outside the classified system at a pay step commensurate with his similar service. The Department of Civil Service chose to give plaintiff credit for similar service by placing him on the second step of the pay range for the Director of State Purchasing.