SAVOIE, Judge.
This is an appeal from a ruling of the Civil Service Commission adverse to plaintiff-appellant, Hugh M. Carleton. We reverse and render.
This court previously considered an appeal in this matter and amended judgment therein in favor of the appellant. Carleton v. Division of Administration, Louisiana Civil Service Commission, 380 So.2d 628 (La.App. 1st Cir.1979). The Louisiana Supreme Court reversed and remanded this matter to the Louisiana Civil Service Commission (Commission) for the purpose of determining whether the Director of the Department of Civil Service (Department) (1) arbitrarily set the pay range for State Purchasing Director, and (2) arbitrarily placed plaintiff on the second step of that pay range. Carleton v. Division of Administration, 388 So.2d 709 (La.1980). Pursuant to the remand, the Commission convened a hearing. The Commission concluded the Department did not abuse its discretion or violate Civil Service rules in setting the pay range or pay of appellant as Director of State Purchasing. Appellant appeals this ruling.
. It is unnecessary we enumerate the specifications of error or issues on appeal as we *671 are limited to the Supreme Court’s remand order. See Carleton v. Division of Administration, supra. In that case, the Supreme Court stated:
“Now that we reverse the Court of Appeal and determine that plaintiff’s position, salary, and status are subject to Civil Service regulations and find that Rule 6.28 is applicable, it becomes necessary that there be addressed this matter of the alleged unreasonable pay range and plaintiff’s appropriate salary. The place to have this done is the Civil Service Commission which is yet to address the issue. Furthermore, both parties requested that in the event we reverse the Court of Appeal, we remand the case to the Civil Service Commission for a hearing on these issues. Accordingly, we will remand the case to the Civil Service Commission for a full hearing on these remaining issues.
DECREE
“For the foregoing reasons, the ruling of the Court of Appeal setting plaintiff’s salary at $2,462.00 per month is reversed and set aside and the case is remanded to the Civil Service Commission for a hearing on plaintiff’s contention that the Department of Civil Service erred in setting the pay range for State Purchasing Director and in placing plaintiff on the second step for that position.”
Thus, only two issues are before us: (1) Did the Department err in setting the pay range for the State Purchasing Director, and (2) Did the Department err in placing the appellant on the second pay step for that position.
Pursuant to the Supreme Court’s decision in Smith v. Division of Administration, 362 So.2d 1101 (La.1978), the Commission held a special meeting to bring the Division of Administration employees under Civil Service and to establish their pay scale. The Director was given forty-five days in which to set the employees’ pay scale. Pursuant to this directive, a pay scale of $1,666.00— $2,462.00 per month was recommended for the position held by appellant as State Purchasing Agent. Subsequently, the Director of Civil Service gave interim approval for a monthly salary of $1,780.00 for the State Purchasing Agent’s position. Upon recommendation, within a few months the pay scale was increased from $1,666.00 — $2,-462.00 to $2,127.00 — $2,923.00 per month. Appellant’s salary was eventually set at $2,241.00 per month.
Mr. James Brumfield, Chief of Classification for the Department of Civil Service, testified that he had “no clear recollection of what influenced me to set that pay range.” He did, however, have a clear recollection of the supporting documents and surveys which led to the subsequent pay increases. Admitting that he had been directed to “provide as good a pay range as we could to prevent any substantial loss,” Mr. Brumfield further testified he did not know what appellant’s salary was prior to his becoming a classified employee. Little or no testimony, evidence, or documentation was offered to support the initial salary range for appellant’s position.
There was available at that time, a 1978 survey done by the U.S. Civil Service Commission indicating the average lowest monthly salary range for a comparable position in other states to be $1,941.00. Also available to the Commission was the annual salary of the Director of Purchasing or Purchasing Agent for the City-Parish Council of Baton Rouge, reflecting an annual salary of $30,876.00.
While we find that the initial salary was arbitrarily fixed by the Director upon recommendation of Mr. Brumfield, we also find a consistent good-faith effort thereafter to establish appellant within a proper salary range even after commencement of this litigation. The fact-findings of the Commission[1] support our conclusion that the initial pay range was arbitrarily set.
*672 We, therefore, find that the pay scale range to which appellant was entitled as of March 15, 1979, was $1,943.00 — $2,739.00 per month. The proper starting salary for appellant should have been $2,057.00 per month.
It is settled jurisprudence in this Circuit: “Review of the Civil Service Commission's findings is the same as in any other civil case, i.e., whether or not a review of the entire record reveals any manifest error.” Smith v. Department of Health and Human Resources, Greenwell Springs Hospital, 408 So.2d 411, 412 (La.App. 1st Cir.1981).
Examination of the record fails to reveal any manifest error or clear wrong on the part of the Department in placing appellant on the second pay step of that position.
For the foregoing reasons, denial of appellant’s appeal is reversed. It is ordered that there be judgment in favor of appellant, Hugh M. Carleton, fixing his starting salary as Director of State Purchasing at $2,057.00 per month as of March 15, 1979. It is further ordered that appellant be awarded all pay increases for which he would have been eligible had he been a classified employee on March 15, 1979, with a salary of $2,057.00 per month. (Civil Service Rule 6.28). All pay increases are to be based on appellant’s tenure with the state as of May 9, 1977.
All costs for which it is liable are to be paid by the Department of Civil Service.
REVERSED AND RENDERED.

. “11. Subsequent to March 15, 1979, Brum-field became aware of three surveys of pay ranges that he might have had in the records but had not taken note of. Specifically, these three items were: a report from Charles Bowers representing a survey done by the staff of *672 the Department of State Civil Service dated April 18, 1979, indicating a recommended pay range for Director of State Purchasing of $1833 —$2629; a U.S. Department of Civil Service Survey recommending a minimum pay range for this position of $1,941 per month; and a study done by Arthur Anderson and Company for the Division of Administration which recommended a pay range of $1985 — $2803. Based upon this additional information, Brum-field recommended a change in the pay scale to $1943 — $2739. He asked Bowers if he concurred in this recommendation. By memo dated June 1, 1979 from Bowers to Brumfield, Bowers stated that he could not concur in the increased recommendation, but felt that the range of $1888 — $2684 was the most representative for the position. Despite the lack of concurrence, Brumfield recommended to the Director the pay range of $1943 — $2739 to which the Director gave his interim approval, effective June 4, 1979. Appellant’s pay was increased from $1780 per month to $2057 per month. After the next public hearing for the purpose of considering pay changes, the Commission approved a pay.range of $2127 — $2923 for the Director of State Purchasing effective September 1, 1979 and appellant’s pay was increased to $2241 per month.” Opinion of the State Civil Service Commission, dated July 13, 1981, In Re Appeal of Hugh M. Carleton (Department of Civil Service), Docket No. 2101.